| | |
|---|---|
| GABRIELLE KRUEGER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JASON STIVELY,<br><br>　　　　Defendant. | Case No. 1:18-cv-00406-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Currently pending before the Court is Plaintiff Gabrielle Krueger's ("Krueger") Motion to Remand (Dkt. 6), and Defendant Jason Stively's ("Stively") Motion to Amend/Correct the Notice of Removal and Answer (Dkt. 10). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court finds good cause to DENY Krueger's Motion to Remand (Dkt. 6) and DISMISS Stively's Motion to Amend/Correct the Notice of Removal and Answer (Dkt. 10) as MOOT.

## II. BACKGROUND

Krueger and Stively both own real property on Stagecoach Road in Ada County, Idaho. Both properties were at one time owned by Plaintiff's father. A portion of Stagecoach Road runs along Stively's property and provides the only access to Krueger's property. Plaintiff contends that her family has "continuously used Stagecoach Road for access to the Krueger Property . . . since [the] parcel was purchased [in 1999]." Dkt. 1-1, at 3.

In 2015, Krueger began drafting business plans to develop the Krueger Property into a riding stable—where she intends to provide riding lessons and horse boarding services. In furtherance of this project, Krueger plans to improve Stagecoach Road. In 2016, she applied for a special use permit from Ada County and requested a public hearing before the Ada County Planning and Zoning Commission. A hearing was held, and the Commission found that Krueger's plan was in line with the County's comprehensive plan and all applicable County ordinances.

In 2017, Stively purchased his property—previously owned by Plaintiff's father—on Stagecoach Road. In 2018, Plaintiff's father deeded a parcel of land (referred to as the "Krueger Property") to her. A dispute soon arose between Krueger and Stively regarding the scope of Krueger's easement over Stagecoach Road. Krueger ultimately filed this matter in state court on August 23, 2018.

Krueger's complaint includes two causes of action: (1) Quiet Title for an easement by implication over Stagecoach Road; and (2) Declaratory Relief for judicial determination of the rights, obligations, and interest of the parties with regard to the

MEMORANDUM DECISION AND ORDER- 2

easement. On September 17, 2018, Stively removed the case to federal court on the grounds of diversity jurisdiction. Krueger then filed a Motion to Remand arguing that removal was improper because complete diversity does not exist, and the amount in controversy does not exceed $75,000.

### III. LEGAL STANDARD

Removal from state court is governed by 28 U.S.C. § 1441 and 28 U.S.C. § 1332. Section 1441(b) allows for removal based on diversity of citizenship. For this to occur, there must be complete diversity of citizenship between the parties (meaning each of the plaintiffs is a citizen of a different state than each of the defendants), and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Whether diversity exists is generally determined from the face of the complaint. *Gould v. Mutual Life Ins. Co. of New York,* 790 F.2d 769, 773 (9th Cir.1986).

Federal courts strictly construe the removal statute against removal. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992). In diversity cases where the amount in controversy is in doubt, there is a presumption against removal jurisdiction, which means the defendant always has the burden of establishing that removal is proper. *Id.* This burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement of $75,000, or if the amount claimed is unclear from the complaint and the defendant proves by a preponderance of the evidence that "more likely than not" the jurisdictional requirement is met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996). This "more likely than not" standard strikes an appropriate balance between the plaintiff's right to choose their forum and the defendant's right to remove. *Id.*

To determine whether the amount in controversy requirement has been met, the Court may consider "facts presented in the removal petition as well as any summary judgment-type evidence relevant to the amount in controversy at the time of removal." *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002). Conclusory allegations by the defendant, or speculative arguments about the potential value of an award, however, will not suffice to overcome the traditional presumption against removal jurisdiction. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375-77 (9th Cir.1997); *Gaus*, 980 F.2d at 567. "[T]he defendant bears the burden of actually proving the facts to support . . . the jurisdictional amount." *Gaus*, 980 F.2d at 567.

### IV. ANALYSIS

A. *Diversity of Citizenship*

The diversity statute considers citizenship, not residency, for purposes of determining whether complete diversity exits. *C4 Ranch, LLC v. Arzen Bldg. Const., Inc.*, Nos. CV–09–387–C–BLW, CV–09–481–C–BLW, 2010 WL 76450, at *1 (D. Idaho Jan. 5, 2009). A "person's state citizenship is . . . determined by her state of domicile, not her state of residence. Domicile is the permanent home where the person resides with the intention to remain or to which she intends to return." *Id.* (citations and punctuation omitted).

In *C4 Ranch*, this court found that an individual who resided in California, voted in California, worked in California, maintained a California driver's license, and intended to remain in California was a California citizen for purposes of diversity jurisdiction. *Id* at

1. Here, Stively claims[1] he maintains a home in Redmond, Washington, votes in Washington, works and maintains a business in Washington, maintains a Washington driver's license, and intends to remain in Washington. *See* Dkt.7-1. Therefore, the Court finds that the Defendant is domiciled in Washington and a citizen of Washington for purposes of diversity jurisdiction.

Krueger acknowledges that Stively has "offered evidence of citizenship in Washington State . . . [but his] intent to remain in Washington is disputed." Dkt. 13, at 7-8. Allegedly, Stively previously told her that "his wife and child were either currently residing in Meridian, Idaho or were going to reside there in the near future, [and] that he planned on opening a second business in Idaho eventually." *Id.* Additionally, Stively told her "that he and his family planned on making Idaho their home in the future; and that they planned on moving Mrs. Stively's brother from his assisted living facility to their Idaho home where Mrs. Stively could care for him." *Id.*

Stively himself admits that "[a]t some point, [he] may build a house . . . and move to the state of Idaho." Dkt. 7-1, at 3-4. However, "[a] person's old domicile is not lost until a new one is acquired." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Additionally, diversity is determined at the time of removal. *See Broadway Grill, Inc. v.*

---

[1] Most of this information is derived from Stively's Response in Opposition to Krueger's Motion to Remand. While including this information in the actual Notice of Removal is advised, the Ninth Circuit has found that a court may consider "later-provided evidence" not included in the notice of removal in assessing whether federal jurisdiction exists. *See General Dentistry For Kids, LLC v. Kool Smiles, P.C.*, 379 Fed. Appx. 634, 635-36 (9th Cir. May 18, 2010) (Unpub. Disp.). While this finding was in relation to the amount in controversy requirement, other courts in this Circuit have applied the same standard to the diversity requirement. *See Dejong v. Prod. Assocs.*, 2015 WL 1285282, at *3 (C.D. Cal. March 19, 2015) ("[T]he fact that PA proffers evidence regarding the parties' citizenship for the first time in its opposition to the remand motion does not compel the court to return the action to state court.").

MEMORANDUM DECISION AND ORDER- 5

*Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("[T]he general rule [is] that jurisdiction is determined at the time of removal."); *Shawcroft v. Roundpoint Mortg. Servicing Corp.*, 2015 WL 6875097, at *3 (E. D. Cal. Nov. 9, 2015) ("It is axiomatic that diversity is determined at the time of removal."). Here, Krueger is a citizen of Idaho and Stively has adequately demonstrated that at the time of removal he was domiciled in Washington. Accordingly, the diversity requirement is met.

  B.  *Amount in Controversy*

Stively also bears the burden of establishing that the amount in controversy exceeds $75,000. When a suit is instituted in state court, and then removed to federal court, there is a strong presumption that the amount in controversy requirement has not been met. *Gaus*, 980 F.2d at 566.

To overcome this strong presumption, Stively must show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). This requires "evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Here, Krueger seeks quiet title and declaratory relief. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Corral v. Select Portfolio Servicing, Inc.,* 878 F.3d 770, 775 (9th Cir. 2017). Here, the object of the litigation is Krueger's claimed easement over Stagecoach Road.

Stively submitted the Declarations of two Idaho real estate professionals to establish the value of the disputed easement. Licensed real estate agents, if properly qualified under Idaho Rule of Evidence 702, may testify as to the value of property during the course of litigation. *See Boel v. Stewart Title Guar. Co.*, 43 P.2d 768, 774 (2001). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.

I.R.E. 702.

The first real estate professional, Michael Ballantyne, is a graduate of the Realtor's Institute, a member of the Idaho National Association of Realtors, has an Idaho designated broker's license, and twenty-six years of experience in land acquisition and disposition. Dkt. 7-2, at 1-2. The second real estate professional, Robert Bass, has been a licensed real estate professional in Idaho—primarily working in Ada County—since 1979. Dkt. 7-3. He currently works as the designated state broker for exp Realty, LLC in Boise, Idaho. *Id.* The Court finds that both individuals are qualified under Rule 702 to give their opinions regarding the value of the disputed easement.

To determine the value of the disputed easement, Mr. Ballantyne looked at the difference between the fair market value of both the Krueger property and the Stively property with and without the easement rights Krueger seeks in her Complaint. He estimates that if Krueger possesses such an easement, her property would be valued at $180,600 versus $90,300 if she does not (amounting to a difference of $90,300). He

estimates that Stively's property would be worth $436,025 if Krueger possesses the easement versus $625,100 if she does not (amounting to a difference of $189,075). Dkt 7-2.

Mr. Bass also estimated the value of the Krueger property with and without the disputed easement. Dkt 7-3. He states that the fair market value of Krueger's land is approximately $309,600 if she possesses the easement versus only $51,600 without such an easement (amounting to a difference of $258,000). Dkt 7-3.

Krueger argues that these opinions do not overcome the strong presumption against removal. She states:

> Mr. Bass opines on the value of Ms. Krueger's property with and without the easement at issue in this case. . . . He does not, however, offer an opinion on the value of the easement itself. Mr. Stively also offered a declaration from Michael Ballantyne, also a real estate professional. . . . Mr. Ballantyne offers opinions on the values of Mr. Stively and Ms. Krueger's properties, but he does not provide a value of the easement itself. Mr. Stively has offered no evidence that he would incur any costs if Ms. Krueger is determined to have a right to use Stagecoach Road.

Dkt. 13, at 3.

The Court, however, finds this argument unpersuasive. Gleaning the value of the easement by establishing the land value with and without the easement is a logical and appropriate approach.

Such an approach is also consistent with the Ninth Circuit's "either viewpoint rule." Under this rule, the value of the object of the litigation is determined by the pecuniary result to either party that the judgment would directly produce. *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). Here, the

real estate professionals have indicated that the difference in value of the Krueger Property with and without Plaintiff's claimed easement exceeds $75,000. Thus, the pecuniary result of an adverse judgment for Krueger would directly produce a decrease in her land value that exceeds $75,000. The Court considers this difference in value an appropriate and persuasive reflection of the value of the easement itself.[2]

Admittedly, the estimated value of Stively's property with and without the disputed easement is less persuasive, because that section of Stagecoach Road is apparently subject to additional easements not at issue in this case. Whether the real estate professionals considered this fact is unclear. However, since the value of the easement for *Krueger's property* "more likely than not" exceeds $75,000, the Court finds that the amount in controversy requirement is met. Accordingly, Plaintiff's Motion to Remand is DENIED.

As a result, the Court also deems it proper to DISMISS Defendant's Motion to Amend/Correct as MOOT. Stively filed this Motion "out of an abundance of caution" in case the Court found he had not adequately met his burden to show the existence of diversity jurisdiction. Dkt. 7, at 12. Since the Court has now found that removal was proper, Stively need not amend his Notice of Removal or answer to "cure . . . defects in the allegations of diversity jurisdiction." *Id.*

---

[2] Krueger also argues that "[u]sing changes in values to Ms. Krueger or Mr. Stively's properties to determine the amount in controversy is speculative because neither party has evidenced that they have actually lost value—such as a lost sale—because of this dispute. . . . [and] neither party has indicated that he or she intends to sell their properties." Dkt. 13, at 4. Be that as it may, the object of this litigation is the disputed easement, and the Court finds the easiest way to determine the value of that easement is to determine the difference in value between the Krueger property with the claimed easement and without the claimed easement.

MEMORANDUM DECISION AND ORDER- 9

# V. ORDER

THE COURT HEREBY ORDERS:

1. Krueger's Motion to Remand (Dkt. 6) is **DENIED**.

2. Stively's Motion to Amend/Correct the Notice of Removal and Answer (Dkt. 10) is **DISMISSED** as **MOOT**.

DATED: March 25, 2019

David C. Nye
Chief U.S. District Court Judge